IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-120-RBJ-KLM

BERNARD TURNER

    Plaintiff,

v.

MOUNTAIN VIEW POLICE DEPARTMENT;
MOUNTAIN VIEW CHIEF OF POLICE MARK TOTH;
RANDY HURST, in his official capacity as a Mountain View Police Officer;
BRIAN KATUZ, in his official capacity as a Mountain View Police Officer;
LAKESIDE POLICE DEPARTMENT'
RICHARD HARRIS, in his official capacity as a Sergeant with the Lakeside police
TOWN OF MOUNTAIN VIEW;
TOWN OF LAKESIDE; and
MAYOR JEFF KIDDIE

    Defendants.

## ORDER

Plaintiff Bernard Turner, through counsel, filed this action on January 18, 2011. Plaintiff's counsel withdrew on August 8, 2011, and plaintiff is now proceeding *pro se*. Since counsel withdrew, plaintiff has been unresponsive. Plaintiff has not communicated with defense counsel or responded to defendants' motions, and he has refused to schedule or attend his deposition as ordered by Magistrate Judge Mix. On January 17, 2012 the Court issued an Order to Show Cause requiring Mr. Turner to show cause within fifteen days as to why this case should not be dismissed for failure to prosecute and failure to comply with a court order (#52). Mr. Turner has not responded.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute…." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

Prior to choosing dismissal as the appropriate sanction, the Court considers several factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the party was warned in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Plaintiff has refused to confer with defense counsel.  Plaintiff failed to comply with Magistrate Mix's order by refusing to attend his deposition.  Both this Court and Magistrate Mix warned Mr. Turner that dismissal was a possible sanction for noncompliance.  It has been almost two months since defendants' filed four motions, and plaintiff is yet to respond.  Plaintiff has offered no explanation for his lack of response and has not responded to this Court's Order to Show Cause.

Accordingly, it is ordered that the case is DISMISSED without prejudice pursuant to Rule 41(b) for plaintiff's failure to prosecute and failure to comply with a court order.

DATED this 13th day of February, 2012.

BY THE COURT:

*[signature: Brooke Jackson]*

———————————————————
R. Brooke Jackson
United States District Judge